Submitted on the record January 27, recommendation for discipline denied
May 5, 2005

# In re the Matter of
# Reciprocal Discipline of

# DEVEN J. COGGINS,
## *Accused.*

## (OSB 04-161; SC S52109)

111 P3d 1119

Susan Roedl Cournoyer, Assistant Disciplinary Counsel, Lake Oswego, filed the notice and reply for the Oregon State Bar.

Deven J. Coggins filed the answer for himself.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (Bar) filed in this court a Notice of Discipline in Another Jurisdiction concerning the accused. BR 3.5(a). The United States Court of Appeals for the Tenth Circuit recently reprimanded the accused for failing to respond to that court's orders to show cause and failing to follow that court's rules. The Oregon State Professional Responsibility Board (SPRB) recommends that the accused also receive a reprimand in this court. The issue for this court is whether the court should discipline the accused for the conduct for which the Tenth Circuit disciplined him. We conclude that, on the record before us, the evidence does not permit this court to discipline the accused. We therefore reject SPRB's recommendation for discipline.

We begin by outlining the procedural posture of this matter. Under BR 3.5, the Bar must notify this court that another jurisdiction has disciplined an Oregon lawyer. BR 3.5(a) provides:

> "Disciplinary Counsel, after reporting on the matter to the SPRB, shall promptly notify the court after receiving notice that an attorney has been disciplined for misconduct in another jurisdiction. Disciplinary Counsel shall file a copy of the judgment, order or determination of discipline with the court, with written notice to the attorney. A plea of no contest, a stipulation for discipline or a resignation while formal charges are pending shall be considered a judgment or order of discipline for the purposes of this rule. The judgment or order or determination of discipline shall be accompanied by a recommendation of the SPRB as to the imposition of discipline in Oregon based on the discipline in the jurisdiction whose action is reported to the court, and such other information as the Bar deems appropriate to file with the court."

Once the Bar has filed its notice of discipline, the accused lawyer may file an answer, BR 3.5(c), to which the Bar may reply, BR 3.5(d). The answer may discuss two issues: (1) whether the procedure in the other jurisdiction was lacking in notice or opportunity to be heard; and (2) whether the lawyer should be disciplined in this court. BR 3.5(c). A copy of

the judgment of discipline is sufficient evidence to demonstrate that the lawyer committed the conduct for which the lawyer was disciplined. BR 3.5(b). Once the court has reviewed the judgment and the parties' submissions, this court determines whether it should discipline the lawyer and in what manner. BR 3.5(e).[1]

We take the facts from the Tenth Circuit's order and a a letter to the Tenth Circuit from the accused's law partner, Snider, which the accused tendered as an exhibit to his answer under BR 3.5(c). The accused is a member of the state bars of Utah and Oregon and two federal bars, the District of Utah and the Court of Appeals for the Tenth Circuit. His office is in Utah. His law partner, Snider, represented a client, Bradley, in a federal criminal matter. In the trial court, the lawyer-client relationship broke down, and Bradley's family stopped paying Snider. The trial judge, however, did not permit Snider to withdraw from representing Bradley. During the trial court proceedings, the accused made one appearance on Bradley's behalf, possibly at a scheduling hearing. Another law partner of the accused's, Larreau, arranged a plea bargain for Bradley. When Bradley was leaving the court, the client asked Snider for the papers to file an appeal and told Snider that he did not want Snider to represent him any further. Bradley later filed an appeal. Despite Bradley's wishes, the Tenth Circuit contacted Snider and ordered him to represent Bradley.

The Tenth Circuit thereafter issued orders on March 5, April 27, and July 8, 2004, directing the accused to respond to that court's inquiries regarding the accused's handling of Bradley's appeal.[2] The accused apparently did not respond to the March order, but responded to the April and July orders. The Tenth Circuit's order of September 1, 2004, stated, in part:

---

[1] This court, in its discretion, may refer the matter to the Disciplinary Board for the purpose of taking testimony on the issues relevant under BR 3.5(c). We have determined that there is no need to do so in this matter, because neither party asserts that this court needs further information to resolve the reciprocal discipline issue that this case presents.

[2] The record before us does not disclose whether the Tenth Circuit directed similar orders to Snider.

"This disciplinary matter is before the court on [the accused's] response to the court's order of July 8, 2004, which directed him to show cause why he should not be sanctioned or otherwise disciplined for his failure to zealously represent his client in case number 03-4295, *United States v. Bradley*. That order was issued after a panel of this court, on April 27, 2004, ordered [the accused] removed from case number 03-4295 and referred to the court's attorney discipline program, following his failure to file the preliminary appellate documents and pay the appellate filing fee in case number 03-4295, and following his failure to respond to the court's order to show cause of March 5, 2004.

"Although [the accused] failed to respond to this court's order of March 5, 2004, he has submitted a letter which states that it is in response to the court's April 27, 2004 order. The court has considered that response, along with the response to the court's July 8, 2004 order, and concludes that [the accused's] lapses in handling the *Bradley* appeal and in failing to respond to this court's orders and notices were unacceptable. Although [the accused] asserts that he was not the primary counsel in Mr. Bradley's case and that he does not believe that he ever entered a formal appearance for Mr. Bradley, the district court docket sheet reflects a notice of appearance by [the accused] on July 11, 2002. In addition, it is clear that [the accused] demonstrated a disregard for this court's rules and directives and also failed to review either the Federal Rules of Appellate Procedure or the local rules of this court.

"[The accused] is reprimanded for his failure to respond to this court's orders and directives and for his failure to follow the court's rules."

In response, the accused admits that he did not respond to the Tenth Circuit's initial order because he "mistakenly believed that the matter was being handled by the attorney in [the] firm that was actively representing the client."

Because the accused concedes that the Tenth Circuit afforded him notice and an opportunity to be heard, the only issue here under BR 3.5(c) is whether this court should discipline the accused. We address that issue below.

In *In re Devers*, 317 Or 261, 855 P2d 617 (1993), this court set out the analytical process that this court follows in imposing discipline under BR 3.5:

> "We turn next to the question whether the accused should be disciplined. BR 3.5(b) provides that the decision of another jurisdiction 'shall be sufficient evidence' that the accused lawyer 'committed the misconduct described therein.' That is, in a reciprocal discipline proceeding, the accused has no opportunity to challenge in Oregon the underlying factual findings of the other jurisdiction. In that respect, a proceeding under BR 3.5 differs from other contested disciplinary proceedings. * * *
>
> "A further word is in order about the analytical framework that we use. In the *usual* reciprocal discipline case, the acts of an accused violate the disciplinary rules of both jurisdictions. In determining an appropriate sanction, however, this court focuses on the accused's misconduct under the Oregon disciplinary rules. We do so because our choice of a sanction vindicates the judicial authority of this jurisdiction, not of the one in which the earlier discipline occurred."

*Id.* at 264-65 (emphasis added; footnote omitted).

■       This, however, is not the usual case. As previously described, the record before this court consists of only the Tenth Circuit's order, which the Bar forwarded to this court, and the accused's response in this court to the Bar's notice of discipline. Attached to accused's response is a copy of a letter to the Tenth Circuit that Snider wrote in the court of that proceeding.

The Tenth Circuit's order reprimanding the accused faults him for his alleged "failure to zealously represent his client" and for his failure to respond to the court's March 5, 2004, order to show cause. The order is otherwise devoid of any identified factual findings and fails to identify any disciplinary rule of the Tenth Circuit that the accused violated. As a result, the Tenth Circuit's order is not in and of itself sufficient to establish that the accused's conduct in the Tenth Circuit violated an Oregon disciplinary rule as set out in the Oregon Code of Professional Responsibility.[3]

---

[3] The Oregon Rules of Professional Conduct became effective January 1, 2005. The conduct at issue in this proceeding occurred before that date, and the Code of Professional Responsibility therefore applies.

■ Nevertheless, the Bar argues that the accused violated two Oregon rules, DR 1-102(A)(4) (conduct prejudicial to administration of justice) and DR 7-106(A) (disregard of tribunal's ruling). Although the accused concedes that he did not respond to the Tenth Circuit's original order, he argues that this court should not discipline him because his involvement in the underlying case was limited to having his name listed as counsel.

■ Under DR 1-102(A)(4), "[i]t is professional misconduct for a lawyer to * * * [e]ngage in conduct that is prejudicial to the administration of justice." To conclude that a lawyer has violated DR 1-102(A)(4), this court must determine the existence of each of three elements: (1) the lawyer engaged in "conduct," that is, the lawyer did something that he or she should not have done or failed to do something that the lawyer should have done; (2) the conduct occurred during the "administration of justice," that is, during the course of a judicial proceeding or another proceeding that carried the trappings of a judicial proceeding; and (3) the lawyer's conduct resulted in "prejudice," either to the functioning of the proceeding or to a party's substantive interests in the proceeding. *In re Lawrence*, 337 Or 450, 464, 98 P3d 366 (2004); *In re Haws*, 310 Or 741, 746-48, 801 P2d 818 (1990). Although it is undisputed that the accused engaged in conduct during a judicial proceeding, there is no evidence in the record before us that his conduct resulted in any prejudice. Although the accused disregarded the Tenth Circuit's initial letter, he responded to its additional inquiries. So far as we can determine on this record, the accused, unlike Snider, was not Bradley's lawyer except in the most limited sense. From the record provided, we can conclude only that the accused made a brief trial court appearance on July 11, 2002, but that Snider, not the accused, had the responsibility to represent the client and to respond to the Tenth Circuit's orders in Bradley's appeal in 2004. We therefore decline to conclude that the accused violated DR 1-102(A)(4).

■ Under DR 7-106(A), a "lawyer shall not disregard * * * a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding but the lawyer may take appropriate steps in good faith to test the validity of such rule or ruling." *See In re Gustafson*, 333 Or 468, 484, 41 P3d 1063

(2002) (applying rule). Here, the limited evidence in the record demonstrates that the accused believed in good faith that his law partner either would submit or had submitted a sufficient response in the Bradley appeal to the Tenth Circuit. And, it is undisputed that the accused had no responsibility in the Bradley appeal in 2004. Under those circumstances, we cannot conclude that the accused disregarded a standing rule or a ruling of a tribunal. We conclude that the record fails to demonstrate that the accused violated DR 7-106(A).

For the foregoing reasons, we conclude that this court should not discipline the accused on the basis of the Tenth Circuit's order.

Recommendation for discipline denied.